# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY EZELL SINGLETON, CDCR# T-01626,<br><br>                              Plaintiff,<br><br>vs.<br><br>OFFICER STINSON, et al.,<br><br>                              Defendants. | Civil No.   07-2190 IEG (LSP)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)**<br><br>**[Doc. No. 2]** |

     Plaintiff, a state inmate currently incarcerated at the California Men's Colony located in San Luis Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that various San Diego Police Department Officers violated his constitutional rights when he was arrested on October 1, 2007. (Compl. at 3-6.) As a result of his arrest, Plaintiff's parole was revoked. (*Id.* at 8). Plaintiff seeks three hundred thousand in compensatory damages and three million in punitive damages. (*Id.* at 11.)

////
////
////

Instead of prepaying the $350 civil filing fee mandated by 28 U.S.C. § 1914(a), Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc No. 2].

**I.    MOTION TO PROCEED IFP**

"In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United States Code, which allows certain impoverished litigants to pursue civil litigation without the full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The objective of § 1915(g), which has become known as the "three strikes" provision, *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Id.* Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other civil action or IFP appeal in a federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez,* 169 F.3d at 1179-82; *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g)).

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

**II.    APPLICATION OF 28 U.S.C. § 1915(g)**

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g)'s imminent danger "exception applies [only] if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Plaintiff's financial status, he may not proceed

1  IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had
2  federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim.
3  *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

4        A court "'may take notice of proceedings in other courts, both within and without the
5  federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v.*
6  *Moynihan*, __ F.3d __, 2007 WL 4198211 *10 (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op.
7  at 15354 (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations
8  in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244,
9  248 (9th Cir. 1992)).

10        Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner
11  civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a
12  claim upon which relief may be granted.  *See e.g., Singleton v. Torras*, So. Dist. Cal. Civil Case
13  No. 94mc454 K (Order of Dismissal per 28 U.S.C. § 1915(d) dated April 4, 1995), *aff'd,*
14  *Singleton v. Torras*, Ct. App. Doc. No. 95-55626 (Order dated Aug. 5, 1996); *Singleton v.*
15  *Ingalls*, So. Dist. Cal. Civil Case No. 95-384 K (BTM) (Order of Dismissal with prejudice per
16  FED. R. CIV. P. 12(b)(6) dated Aug. 29, 1995), *aff'd, Singleton v. Torras*, Ct. App. Doc. No. 95-
17  56371 (Order dated June 6, 1996); *Singleton v. Groch*, So. Dist. Cal. Civil Case No. 95-2423 K
18  (LSP) (Order of Dismissal with prejudice per FED. R. CIV. P. 12(b)(6) dated April 26, 1996),
19  *aff'd, Singleton v. Groch*, Ct. App. Doc. No. 96-55712 (Order finding appeal "insubstantial,"
20  dated Sept. 16, 1996); and *Singleton v. Poleate*, So. Dist. Cal. Civil No. 95-2205 T (RBB) (Order
21  of Dismissal dated May 5, 1996).

22        Accordingly, because Plaintiff has, while incarcerated, accumulated more than three
23  "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is
24  under imminent danger of serious physical injury, the Court DENIES his Motion to Proceed IFP
25  [Doc. No. 2].  *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.
26  ////
27  ////
28  ////

| | |
|---|---|
| 1 | **III.    CONCLUSION AND ORDER** |
| 2 | For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed |
| 3 | IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2] and **DISMISSES** the case without prejudice |
| 4 | for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a). |
| 5 | **IT IS SO ORDERED.** |
| 7 | DATED:  December 17, 2007 |
| 8 | *Irma E. Gonzalez* |
|   | **IRMA E. GONZALEZ, Chief Judge** |
| 9 | **United States District Court** |